## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| TAZ WASHINGTON, | |
| Plaintiff, | Case No. 2:10-cv-02251-GMN-GWF |
| vs. | **ORDER** |
| CASHMAN ENTERPRISES, *et al.*, | Application to Proceed *In Forma Pauperis* (#1) and |
| Defendants. | Motion to Appoint Counsel (#2) |

This matter is before the Court on Plaintiff Taz Washington's Application to Proceed *In Forma Pauperis* and attached Complaint (#1) and Request for Court Appointed Attorney in District Court (#2), filed December 28, 2010.

### BACKGROUND

The Complaint alleges that Plaintiff filed a charge of discrimination and harassment with the Nevada Equal Rights Commission ("NERC") against Cashman Enterprises and several members of the company's management. (#1-1 at 3). Washington alleges that the president of Cashman Enterprises, Karen Cashman, asked him to drop his NERC claim several times.[1] (*Id.*) According to Plaintiff, he refused because there were ongoing issues within the company that he felt the NERC needed to address. (*Id.*) When Washington refused to withdraw the claim, Defendants Karen Cashman, Susan McKenna and Kimberly Kopee allegedly stripped Plaintiff of his work assignments, managerial duties and authority. (*Id.* at 4). Plaintiff alleges that the defendants fired him, but retained all other managerial staff within his division of the company.

---

[1] The complaint provides no dates or information about when the alleged discrimination or other alleged events occurred. (*See* #1-1).

(*Id.*)

Based on these factual allegations, Washington claims that he was fired in retaliation for the fact that he filed NERC discrimination and harassment claims and he brings discrimination claims against Defendants pursuant to Title VII, 42 U.S.C. § 1981 and NRS 613.420.

## DISCUSSION

### I. Application to Proceed In *Forma Pauperis*

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Washington's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* (#1) in federal court will be granted.

### II. Standard for Screening a Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen the complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

. . .

**III.     Screening Plaintiff's Complaint**

In his complaint (#1-1), Plaintiff alleges that Defendants unlawfully retaliated against him after he filed a charge of discrimination and harassment with the Nevada Equal Rights Commission ("NERC").  He brings suit pursuant to Title VII, 42 U.S.C. § 1981 and NRS 613.420 against Defendants Cashman Enterprises, Karen Cashman, Kimberly Kopel and Susan McKenna pursuant.  The Court will now screen these claims as required by 28 U.S.C. § 1915(e).

**A.     Title VII Claim**

Title VII prohibits, among other things, retaliation against an employee for filing a discrimination charge or otherwise participating in a Title VII proceeding.  See 42 U.S.C. § 2000e-3(a); *Nilsson v. City of Mesa*, 503 F.3d 947, 944 (9th Cir. 2007).  "In order to establish a *prima facie* case of retaliation, the plaintiff must demonstrate that (1) he had engaged in a protected activity;" (2) the Defendants subjected him "to an adverse employment action; and (3) a causal link existed between the protected activity and the adverse employment action." *Porter v. California Dept. of Corrections*, 419 F.3d 885, 894 (9th Cir. 2005).  If the plaintiff "provides sufficient evidence to show a prima facie case of retaliation, the burden then shifts to the [Defendants] to articulate a legitimate, non-retaliatory reason for [their] actions." *Id.* (citation omitted).  If the Defendants set forth such a reason, Plaintiff "bears the ultimate burden of submitting evidence indicating that the [defendants] proffered reason is merely a pretext for a retaliatory motive." *Id.* (citation omitted).

Plaintiff's complaint alleges that after he filed a discrimination and harassment claim with NERC Defendants asked him to withdraw the claim and, when he refused, they isolated him at the workplace, removed portions of his workplace responsibilities and ultimately terminated him.  Plaintiff alleges that these adverse employment actions were a direct result of his filing, and refusing to withdraw, a NERC discrimination claim.  Based on these allegations, Plaintiff has sufficiently stated a viable claim for retaliation under Title VII.

**B.     Section 1981 Claim**

Section 1981 prohibits *only* intentional discrimination based on the plaintiff's race. *Ramirez v. City of Reno*, 925 F.Supp. 681 (D.Nev. 1996) (emphasis added).  *See also United*

*States v. Cruikshank*, 92 U.S. (2 Otto) 542, 23 L.Ed. 588 (1875); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480 (9th Cir. 1995); *Imagineering, Inc. v. Kiewit Pacific Co.*, 976 F.2d 1303 (9th Cir.1992).   In his complaint, Plaintiff fails to identify the basis of the discrimination he allegedly suffered at Cashman Enterprises.  Therefore, it is unclear to the Court whether Plaintiff is alleging that he was discriminated against on the basis of his race, as opposed to his gender, class, age, sexual orientation, etc.  As a result, the Court will dismiss Plaintiff's section 1981 claim for failure to state a claim upon which relief may be granted.

### C.       Claim under NRS 613.420

Plaintiff also requests that the Court consider his discrimination and retaliation claims pursuant to Nevada Revised Statute 613.420.  (#1-1 at 3).  NRS 613.420 provides that a person may file a unfair employment practice claim based on Nevada state law in district court if the person has obtained an unfavorable ruling from NERC.  Plaintiff's complaint does not, however, allege that he obtained a ruling, favorable or unfavorable, from NERC.  Therefore, Plaintiff's NRS 613.420 claim will be dismissed for failure to state a *prima facie* claim.

### IV.     Motion to Appoint Counsel (#2)

There is no constitutional right to the appointment of counsel in civil cases.  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982).  A court may only designate counsel pursuant to 28 U.S.C. § 1915(d) in exceptional circumstances.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  In determining whether counsel should be appointed, the Court has discretion to consider four relevant factors: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel; (3) the meritoriousness of the plaintiff's claim; and (4) the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *Ivey*, 673 F.2d at 269; *Wilborn*, 789 F.2d at 1331.

In considering these factors, a review of the quality of Plaintiff's pleadings suggests that he is able to represent himself and articulate the complexity of the legal issues involved.  In addition, the meritoriousness of Plaintiff's claims is not sufficiently established based on the filings in this action to date.  Therefore, the Court finds that Plaintiff has not demonstrated that exceptional circumstances exist.

**CONCLUSION**

Upon the screening of Plaintiff's complaint as required by 28 U.S.C. § 1915(e), the Court finds that he has stated a viable cause of action for retaliation under Title VII. Plaintiff's section 1981 and NRS 613.420 claims are dismissed without prejudice for failure to state a claim upon which relief may be granted. The Court will grant Plaintiff leave to amend his complaint if he believes he can cure the deficiencies in his complaint identified above. Plaintiff's motion for appointment of counsel will be denied. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that the Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

**IT IS FURTHER ORDERED** that Plaintiff has leave to file an amended complaint if he believes he can cure the deficiencies identified above. Plaintiff shall have until **June 24, 2011** to file an amended complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for the Appointment of Counsel (#2) is **denied**.

DATED this 24th day of May, 2011.

_____
**GEORGE FOLEY, JR.**
**United States Magistrate Judge**