UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TAZ WASHINGTON, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>CASHMAN ENTERPRISES; KAREN )<br>CASHMAN; SUSAN MCKENNA; and )<br>KIMBERLY KOPEC, )<br>)<br>Defendants. )<br>) | Case No.: 2:10-cv-02251-GMN-GWF<br><br>**ORDER** |

Pending before the Court are two Motions to Dismiss filed by Defendants Cashman Enterprises, Karen Cashman, Susan McKenna and Kimberly Kopec (collectively, "Defendants"). (ECF Nos. 9, 16.)  Plaintiff purports to assert claims under 42 U.S.C. § 1981, NRS 613.420 and "Title VII." (First Amended Complaint, ECF No. 8.)

## I.   BACKGROUND

Plaintiff originally filed his Complaint (ECF No. 1-1) in pro se and as an attachment to his Application to Proceed *In Forma Pauperis* (ECF No. 1) which was granted by Magistrate Judge George Foley, Jr. on May 24, 2011. (MJ Order, ECF No. 4.)  Upon screening the Complaint pursuant to 28 U.S.C. § 1915(e), Judge Foley held that Plaintiff "sufficiently stated a viable claim for retaliation under Title VII" (MJ Order, 3:25), construing Plaintiff's claims to allege violations of 42 U.S.C. § 2000e-3(a) (*see* MJ Order, 3:8-10).  However, Judge Foley dismissed "Plaintiff's section 1981 claim for failure to state a claim upon which relief may be granted" (MJ Order, 4:7) and likewise dismissed Plaintiff's "NRS 613.420 claim . . . for failure to state a *prima facie* claim" (MJ Order, 4:14).

Judge Foley then ordered that "Plaintiff has leave to file an amended complaint if he

believes he can cure the deficiencies identified above." (MJ Order, 5:16-17.) Judge Foley also ordered that "Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor," but that "[t]his Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense." (MJ Order, 5:11-14.)

Plaintiff then filed his First Amended Complaint ("FAC") (ECF No. 8) on June 20, 2011, purporting to assert claims against Defendants under "Title VII," NRS 613.420, and 42 U.S.C. § 1981. The FAC was not screened pursuant to 28 U.S.C. § 1915(e) before summons was issued on July 29, 2011 by the Clerk. (*See* Summons, ECF No. 14.)

As with his original Complaint (ECF No. 5), Plaintiff filed his FAC on a form provided to inmates wishing to make a civil rights complaint pursuant to 42 U.S.C. § 1981. Because of this, Plaintiff's allegations in the FAC are disjointed and require reference to various fill-in-the blank and check-box sections in the form.

Plaintiff pleads only one cause of action in his FAC under "Count I," but also includes allegations under the heading "B. Nature of the Case" and the form text stating, "1) Briefly state the background of your case." (FAC, 3, ECF No. 8.)

Under the "Nature of the Case" heading, Plaintiff states:

> I placed my claim of race discrimination/harassment to Karen Cashman, President, Kimberly Kopec, Executive Director & Susan McKenna, Human Resources, against Kari Wolfe, General Manager at Cashman Enterprises. When I was met with negative reactions in addressing the issues, I told the company I would be filing with NERC [apparently referring to the Nevada Equal Rights Commission]. Karen Cashman then asked me several times to drop my claim. I told her I would not because all the ongoing issues needed to be addressed. Upon my saying no to dropping my claim the company begin [sic] its immediate and numerous adverse employment actions against me.

Under the "Count I" heading and after the form text stating, "The following civil rights has been violated:" Plaintiff wrote "Retaliation for filing a complaint of race

discrimination/harassment." (FAC, 4, ECF No. 8.)  Plaintiff then described the facts as follows:

> Upon my refusal to drop my complaint/claim as Karen Cashman asked, Karen Cashman & Susan McKenna immediately denied my promotion and pay increase that I had accepted prior to my complaint/claim.  Karen Cashman removed me from all corporate and company meetings, from all training with the CFO of the company, from participation in all outside business meetings.  Karen Cashman, Susan McKenna and Kimberly Kopec stripped me of assignments, managerial duties and authority.  Kimberly Kopec and Susan McKenna began intense surveillance and scrutiny of me, my position, my department and staff.  Kimberly Kopec and Susan McKenna began having private weekly meetings with me following my removal from all corporate and company meetings.  Kimberly Kopec began demeaning and belittling me, my responsibilities, my authority and my position in front of my staff.  Karen Cashman, Susan McKenna and Kimberly Kopec began dismantling my position, staff and division of the company and fired me while keeping all other managerial staff within my division.

(*Id.*)  On the last page of the FAC, Plaintiff appears to describe the outcome of his NERC filing:

> NERC Determination:
>
> NERC determined an unfavorable ruling of race discrimination.
> However, evidence does support a finding of unfair treatment.
> This treatment began once I filed my race discrimination claim.
> In addition:
> NERC has made no determination about any other aspect of this case, nor has NERC endorsed or approved any of the actions of the employer.

(FAC, 9, ECF No. 8.)

## II.     LEGAL STANDARD

"Unless service is waived, proof of service must be made to the court," and "[e]xcept for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(*l*)(1).  However, "[f]ailure to prove service does not affect the validity of service," and "[t]he court may permit proof of service to be amended." Fed. R. Civ. P. 4(*l*)(3).

Dismissal of a complaint due to insufficiency of process is provided in Federal Rule of Civil Procedure 4(m), which provides that "[i]f a defendant is not served within 120 days after

the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Once service is challenged, a plaintiff bears the burden of establishing that service was valid under Federal Rule of Civil Procedure 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Rule 4(m) also provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

"At a minimum, 'good cause' means excusable neglect," and "[a] plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991).

### III. DISCUSSION

The Court finds that Plaintiff has good cause for his failure to effect service. When a plaintiff files a complaint *in forma pauperis*, the complaint must be screened pursuant to 28 U.S.C. § 1915(e). If the complaint survives screening, the Court will then direct the Clerk of the Court to file the complaint and order service of the complaint by the United States Marshal in accordance with Fed. R. Civ. P. 4(c)(3). Here, upon initial screening, Judge Foley found Plaintiff had sufficiently stated a claim for retaliation under Title VII, but granted Plaintiff leave to amend his complaint as to his § 1981 claim and NRS 613.420 claim. (MJ Order, 5:3-4.) Plaintiff filed his FAC on June 20, 2011, alleging only a retaliation claim under Title VII. (FAC, ECF No. 8.) Although the FAC is styled as alleging causes of action under 42 U.S.C. § 1981, NRS 613.420, as well as Title VII, the FAC in fact only alleges a cause of action under Title VII. Either through inadvertence or because Plaintiff only re-alleged his Title VII claim (which was already screened), Plaintiff's FAC was never screened by the Magistrate Judge. Because this final screening never occurred, the Court never instructed Plaintiff about the process for

perfecting service nor did it order the United States Marshal to serve Defendants in accordance with Rule 4(c)(3). It was the Court's inadvertence that contributed to Plaintiff's inability to properly serve the summons and complaint in this matter. The Court therefore finds good cause exists to extend the time for service on Defendants. *See* Fed. R. Civ. P. 4(m).

Incorporating the Court's previous findings in its original Screening Order (ECF No. 4), the Court finds that Plaintiff has sufficiently stated a claim upon which relief can be granted under Title VII. The Court will therefore allow Plaintiff's claim to proceed and instruct the Plaintiff how to properly perfect service with the assistance of the U.S. Marshal. Plaintiff shall have ninety (90) days from the date of this order to properly serve Defendants in this matter.

In light of the Court's finding that Plaintiff has good cause for his failure to properly serve the Defendants within 120 days, Defendants' First Motion to Dismiss (ECF No. 9), alleging ineffective service of process, and Defendant's Second Motion to Dismiss (ECF No. 16), alleging the same, are denied.

**IV.   CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' First Motion to Dismiss (ECF No. 9) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Second Motion to Dismiss (ECF No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff may pursue his Title VII claim for retaliation against Defendants as alleged in his FAC (ECF No. 8).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send the required USM-285 forms to Plaintiff. Plaintiff shall have twenty (20) days to furnish the required USM-285 forms to the U.S. Marshal at 333 Las Vegas Blvd. South, Suite 2058, Las Vegas, Nevada 89101. After Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, he has twenty (20) days to file a notice with the court identifying if Defendants were served. If

Plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendant, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address and indicating whether some other manner of service should be used. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendants or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or their counsel.  The Court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

DATED this 30th day of March, 2012.

_____
Gloria M. Navarro
United States District Judge