# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TAZ WASHINGTON,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>CASHMAN ENTERPRISES, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 2:10-cv-02251-GMN-GWF<br><br>**ORDER**<br><br>Motion to Attempt Service Again<br>on Unserved Defendant (#30) |

　　　　This matter comes before the Court on Plaintiff's Motion to Attempt Service Again on Unserved Defendant (#30), filed on May 29, 2012. Plaintiff, appearing in forma pauperis, requests the Court authorize the U.S. Marshal's office to attempt service again on Defendant Susan McKenna. Service was previously attempted at Cashman Enterprises, but it was determined that Ms. McKenna is no longer employed there. Plaintiff now requests that service be attempted on Laura Thalacker, Ms. McKenna's attorney.

　　　　Pursuant to Fed. R. Civ. P. 4(c)(3), the Court must order the U.S. Marshal's office to perfect service on behalf of an individual proceeding in forma pauperis. Rule 4(2) states that an individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> 　　(A) delivering a copy of the summons and of the complaint to the individual personally;
> 　　(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> 　　(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

The federal rules do not provide for service upon an individual's attorney, absent proof that the attorney is an agent authorized by appointment or by law.  The Nevada Rules of Civil Procedure mirror the federal rules and do not provide for service upon an individual's attorney. *See* Nev. R. Civ. P. 4(d)(6).  Here, Plaintiff has failed to provide any documentation that Ms. Thalacker is an authorized agent of Defendant McKenna.  The Court will not order the U.S. Marshal's office to attempt service in violation of Rule 4.  This could subject the Plaintiff to a future motion to dismiss for ineffective service of process. *See* Fed. R. Civ. P. 12(b)(5).   If the Plaintiff can obtain Defendant McKenna's home address or otherwise request the U.S. Marshal's office to perfect service in accordance with the rules outlined above, the Court will reconsider Plaintiff's request.  Accordingly,

**IT IS HEREBY ORDERED** that  Plaintiff's Motion to Attempt Service Again on Unserved Defendant (#30) is **denied** without prejudice.

DATED this 8th day of June, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge