UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| TAZ WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No.: 2:10-cv-02251-GMN-GWF |
| | ) | |
| CASHMAN ENTERPRISES; KAREN CASHMAN; SUSAN MCKENNA; and KIMBERLY KOPEC, | ) ) ) | ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is the "Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(5) or, Alternatively, Motion to Quash" (ECF No. 25) filed by Defendant Cashman Enterprises, Inc. ("Cashman Enterprises"), and individual defendants Karen Cashman, and Kimberly Kopec (collectively, "Defendants"). Plaintiff, Taz Washington, appearing *pro se*, filed a Response (ECF No. 33), and Defendants filed a Reply (ECF No. 35).

I.   BACKGROUND

Plaintiff originally filed his Complaint (ECF No. 1-1) as an attachment to his Application to Proceed *In Forma Pauperis* (ECF No. 1) which was granted by United States Magistrate Judge George Foley, Jr. on May 24, 2011. (MJ Order, ECF No. 4.) Upon screening the Complaint pursuant to 28 U.S.C. § 1915(e), Judge Foley held that Plaintiff "sufficiently stated a viable claim for retaliation under Title VII" (MJ Order, 3:25), construing Plaintiff's claims to allege violations of 42 U.S.C. § 2000e-3(a) (*see* MJ Order, 3:8-10). Judge Foley then ordered that "Plaintiff has leave to file an amended complaint if he believes he can cure the deficiencies identified above." (MJ Order, 5:16-17.) Judge Foley also ordered that "Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor," but that "[t]his Order granting leave to proceed *in forma pauperis* shall not

extend to the issuance of subpoenas at government expense." (MJ Order, 5:11-14.)

Plaintiff then filed his First Amended Complaint ("FAC") (ECF No. 8) on June 20, 2011, purporting to assert claims against Defendants under "Title VII," NRS 613.420, and 42 U.S.C. § 1981. The FAC was not screened pursuant to 28 U.S.C. § 1915(e) before summons was issued on July 29, 2011 by the Clerk. (*See* Summons, ECF No. 14.) In its March 30, 2012 Order, the Court found that in his FAC, Plaintiff sufficiently stated a claim upon which relief can be granted under Title VII. (ECF No. 22.) The Court also addressed Defendants' subsequent motions to dismiss for ineffective service of process, and found that Plaintiff had good cause for his failure to effect service. (*Id.*) Because it was the Court's inadvertence that contributed to Plaintiff's inability to properly serve the summons and complaint in this matter, the Court denied the motions and extended the time for service on Defendants an additional ninety (90) days from the date of the Court's March 30, 2012, Order. (*Id.*)

On May 15, 2012, the United States Marshals Service returned Process Receipt and Return forms for each of the Defendants to the Clerk of the Court. (ECF Nos. 23, 24.) The forms indicated that on May 3, 2012, U.S. Marshal or Deputy Marshal J. Allen personally served process on Debra Manuel, "HR Manager," at Cashman Enterprises, 3660 Cinder Lane, Las Vegas, NV, 89103. (ECF No. 23.) For Defendant Susan McKenna, the U.S. Marshal or Deputy indicated that process was not served because "[e]mployee is no longer employed at Cashman Enterprises." (ECF No. 24.) Apparently the U.S. Marshal or Deputy did not leave a copy of the documents for Susan McKenna. (Manuel Aff., Ex. A to Mot. Dismiss, ECF No. 25.)

Defendants filed the instant motion (ECF No. 25) on May 24, 2012, and the motion was fully briefed on June 14, 2012 (ECF No. 35).

## II.   LEGAL STANDARD

"Unless service is waived, proof of service must be made to the court," and "[e]xcept for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."

Fed. R. Civ. P. 4(*l*)(1).  However, "[f]ailure to prove service does not affect the validity of service," and "[t]he court may permit proof of service to be amended." Fed. R. Civ. P. 4(*l*)(3).  If a plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915, the Court must order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the Court. Fed. R. Civ. P. 4(c)(3).

"An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). "The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." *Id*.  The form and manner of such a notice and request are described in Federal Rule of Civil Procedure 4(d)(1)(A)-(G).[1]

"If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2).

An individual may be served pursuant to Rule 4(e), which includes service by:

(A) delivering a copy of the summons and of the complaint to the individual personally;
(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

A domestic corporation, or a partnership or other unincorporated association that is subject to suit under a common name may be served pursuant to Rule 4(h), which includes

---

[1] Forms are available at the website for the United States District Court for the District of Nevada, http://www.nvd.uscourts.gov/Forms.aspx.

service in the manner prescribed by Rule 4(e)(1) for serving an individual, or

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[2] and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h).

Dismissal of a complaint due to insufficiency of process is provided in Federal Rule of Civil Procedure 4(m), which provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Once service is challenged, a plaintiff bears the burden of establishing that service was valid under Federal Rule of Civil Procedure 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Rule 4(m) also provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

"At a minimum, 'good cause' means excusable neglect," and "[a] plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991).

### III.   DISCUSSION

Here, the Court finds that any failure to effect proper service on Defendants is not due to any fault on the part of Plaintiff. As discussed in the Court's March 2012 Order (ECF No. 22), it

---

[2] One way to find a listing of registered agents authorized to receive process can be found at the website for the Nevada Secretary of State, http://nvsos.gov. On the website, a "Business Entity Search" permits searches by the name of the business, and by the name of any Officer, including a business's President, Director, Secretary and Treasurer. *See* Business Entity Search, http://nvsos.gov/sosentitysearch/CorpSearch.aspx. The website will also indicate the status of any entity, and whether it is "Active." *Id*.

1  was the Court's inadvertence that prevented service prior to that time.  Here, Plaintiff has
2  complied with the Court's directions in the Court's March 2012 Order (ECF No. 22), and
3  contrary to Defendants' assertion that "Plaintiff filed the three Returned and Executed
4  Summonses (Doc. 23) for Cashman Enterprises, Mrs. Cashman, and Ms. Kopec on May 15,
5  2012," the documents filed at ECF Nos. 23 and 24 were filed by the U.S. Marshals Service.  As
6  recognized by Defendants in their motion, it was the U.S. Marshal or Deputy, J. Allen, who
7  decided to serve Debra Manuel, instead of Mrs. Cashman, as offered by Ms. Manuel at the time.
8  Plaintiff did not indicate in the forms provided to the U.S. Marshals Service that Ms. Manuel or
9  anyone else other than Defendants was authorized to receive service.

10       Defendants argue that service upon Ms. Manuel does not satisfy the requirement under
11  Rule 4(h)(1)(B) for service "by delivering a copy of the summons and of the complaint to an
12  officer, a managing or general agent, or any other agent authorized by appointment or by law to
13  receive service of process." (Mot. to Dismiss, 6:13-15, ECF No. 25.)  Defendants do not
14  adequately explain why Ms. Manuel, as "Human Resources Manager," (*see* Manuel Aff., Ex. A
15  to Mot. to Dismiss), is not "a managing or general agent" as described in Rule 4(h)(1)(B).  The
16  Court finds that Defendants' citations to unpublished and non-binding authority are unpersuasive
17  in this context.

18       Defendants also claim that "Ms. Manuel is not the registered agent for Cashman
19  Enterprises" (*id.* at 6:15 n.3, Ex. A), and quote from section 14.020(2) of Nevada Revised
20  Statutes, which authorizes service upon a business such as Cashman Enterprises by serving its
21  registered agent personally "or by leaving a true copy thereof with a person of suitable age and
22  discretion at the most recent street address of the registered agent shown on the information filed
23  with the Secretary of State."  Defendants do not argue that the most recent street address of
24  Cashman Enterprises' registered agent is anything other than 3660 Cinder Lane, Las Vegas, NV,
25  89103, as provided in the USM-285 forms filled out by Plaintiff.  If the most recent street address

of the registered agent for Cashman Enterprises shown on the information filed with the Secretary of State is 3660 Cinder Lane, Las Vegas, NV, 89103, then leaving a copy with Ms. Manuel, who is a person of suitable age and discretion, is proper service upon Defendant Cashman Enterprises.  Here, the Court reminds Defendants and their counsel of Federal Rule of Civil Procedure 11(b), and of the sanctions a court may impose for conduct violating this Rule.

The Court finds (1) that there is adequate evidence in the record to show that the parties to be served personally received actual notice of the lawsuit[3]; (2) that the prejudice to defendants is minimal, despite Defendants' conclusory assertion that the defective attempts to serve "have become burdensome and prejudicial;" and (3) that Plaintiff would indeed be severely prejudiced if his Complaint were dismissed, particularly since the Court has already identified Plaintiff's sufficiently stated, viable claim for retaliation under Title VII.  Accordingly, the Court will deny the motion to dismiss.

The Court will also deny Defendants' motion, in the alternative, to quash.  First, the documents Defendants request the Court to quash, at ECF Nos. 23 and 24, are the completed USM-285 "Process Receipt and Return" forms provided to the Clerk of the Court by the U.S. Marshals Service.  Second, as Defendants appear to recognize in the motion, the federal rules do not provide for quashing service apart from a Rule 12(b) motion to dismiss.  Accordingly, Defendants' motion to quash is not an "alternative" here.

The Court will extend the time for service an additional ninety (90) days beyond the date of this Order, and pursuant to 28 U.S.C. § 1915, will again order that service be made by the U.S. Marshals Service.  The Court will order the Clerk of the Court to provide Plaintiff with the appropriate forms described in this Order and in Federal Rule of Civil Procedure 4.

/ / /

---

[3] See the sworn Affidavits of Karen Cashman, Ex. B, and Kimberly Kopec, Ex. C to Defendants' motion, in which Ms. Cashman and Ms. Kopec both acknowledge receipt of a copy of the Summons and Complaint.

## IV.      CONCLUSION

**IT IS HEREBY ORDERED** that the "Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(5) or, Alternatively, Motion to Quash" (ECF No. 25) is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall re-issue Summons as to named Defendants as listed in the First Amended Complaint (ECF No. 8).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send to Plaintiff four (4) copies of each of the AO 398 and AO 399 forms regarding waiver of service.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send the required USM-285 forms to Plaintiff.  Plaintiff shall have twenty (20) days to furnish the required USM-285 forms to the U.S. Marshal at 333 Las Vegas Blvd. South, Suite 2058, Las Vegas, Nevada  89101.

**IT IS FURTHER ORDERED** that the U.S. Marshal shall serve process according to the information provided by Plaintiff on the USM-285 forms.

**IT IS FURTHER ORDERED** that after Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, he has twenty (20) days to file a notice with the court identifying if Defendants were served.  If Plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendant, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address and indicating whether some other manner of service should be used.

**IT IS FURTHER ORDERED** that counsel for Defendants Cashman Enterprises, Inc., Karen Cashman, and Kimberly Kopec, including attorney Laura Thalacker, Nevada Bar No. 5522, shall show cause why Federal Rule of Civil Procedure 11(b) has not been violated by counsel's conduct in signing, filing, submitting and later advocating the arguments in the motion (ECF No. 25) and the Reply (ECF No. 35), specifically addressing Defendants' argument that Cashman Enterprises has not been properly served pursuant to section 14.020(2) of Nevada

Revised Statutes, which provides for service "by leaving a true copy thereof with a person of suitable age and discretion at the most recent street address of the registered agent shown on the information filed with the Secretary of State." Counsel shall show cause in writing by filing a response in the docket by **4:00 p.m. on Wednesday, April 19, 2013.**

DATED this 19th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge